IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-03-CR-068 JRN |
| | § | NO. A-10-CR-242 JRN |
| DEAN SANDOVAL | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE JAMES R. NOWLIN
　　　SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Court conducted a hearing on October 21, 2010, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

The Defendant currently has two active terms of supervised release. The first stems from a 63-month sentence imposed by Judge James R. Nowlin on July 8, 2003, for being a felon in possession of a firearm in violation 18 U.S.C. § 922(g). That sentence included a three year term of supervised release. The second is the result of a subsequent conviction for escape as a result of the Defendant leaving a halfway house in Houston, where he was serving the last portion of his sentence for the felon in possession charge. That 21-month sentence was imposed by Judge Lee Rosenthal of the Southern District of Texas on November 7, 2008, and included a three year term

of supervised release.[1]  Both terms of supervision commenced on March 3, 2010, when the Defendant was released from the Bureau of Prisons.

The Defendant encountered problems on supervision almost immediately.  On March 5, 2010, he was referred for counseling for dual disorders, to address both his mental health and alcohol addiction issues.  On March 18, 2010, the Defendant was arrested by Austin police for public intoxication when they responded to a call regarding a disturbance involving a fight.  In response to this event, Judge Nowlin modified the Defendant's conditions to require alcohol abstinence and participation in AA/NA.  The Defendant then missed several counseling sessions between April 16 and July 9, 2010.  Then, on July 9, 2010, the Defendant was arrested after an altercation with his girlfriend at Highland Mall.  The initial charge was assault with injury-family violence, but was later increased to a third degree felony assault because of the Defendant's numerous prior family violence convictions.   As a result of this arrest, the Probation Office submitted Petitions for Action in each of the two cases before this Court, and a warrant for the Defendant's arrest was authorized by the undersigned on July 13, 2010.  That warrant was not immediately executed, as the Defendant remained in state custody on the assault charge.

Ultimately, the Defendant pled guilty to a lesser offence, a Class A misdemeanor family violence assault, and was sentenced to 90 days in jail.  He was released from that sentence on October 14, 2010, and was remanded into the Marshal's custody on the warrant related to the two cases now before the Court.  On October 21, 2010, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petitions in each case.  On the same date, the

---

[1] Jurisdiction over the term of supervised release imposed by Judge Rosenthal was transferred to Judge Nowlin on April 15, 2010.

Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pled "TRUE" to the violations alleged against him.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11.     The Defendant violated conditions of his supervised release by: (1) committing a new state law offence; and (2) failing to attend counseling sessions as required.

### III.  RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED.  The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is VI, resulting in an (advisory) guideline range of 8 to 14 months of imprisonment.  Having considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 8 months of imprisonment on each of the Petitions, with no supervised release to follow.  The Court FURTHER RECOMMENDS that the sentence on each case run concurrent to the other.

### IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 22nd day of October, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE